# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TANNEH W. S., | Case No. 26-cv-2775 (LMP/EMB) |
| Petitioner, | |
| v. | **ORDER DENYING**<br>**HABEAS PETITION** |
| TODD BLANCHE, *Acting Attorney General*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID J. VENTURELLA,[1] *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and ERIC KLANG, *Sheriff of Crow Wing County*, | |
| Respondents. | |

Evan Joel Mulholland, Abigail Hencheck, and Luke Norquist, **Minnesota Center for Environmental Advocacy, St. Paul, MN**, for Petitioner.

Jaymarie A. Miranda Mendoza, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[2]

---

[1] David J. Venturella is substituted in place of Todd M. Lyons pursuant to Federal Rule of Civil Procedure 25(d).

[2] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Eric Klang, the Crow Wing County Sheriff, has not participated in these proceedings.

Petitioner Tanneh W. S.[3] brings a petition for a writ of habeas corpus, challenging the legality of her arrest and detention. Because Tanneh fails to demonstrate the unlawfulness of either her arrest or detention, the petition is denied.

## BACKGROUND

Tanneh is a native and citizen of Liberia who has lived in the United States for over 35 years. ECF No. 1 ¶¶ 7, 16. She is married to a United States citizen and has four children, all of whom are United States citizens. *Id.* ¶ 16. In the past ten years, Tanneh has had several interactions with the criminal justice system. In 2015, Tanneh was convicted of a gross misdemeanor for contributing to the need for child protective services. ECF No. 6-1 at 3. In 2022 and 2024, Tanneh was charged with domestic assault, although those charges were later dismissed. *Id.* On April 29, 2026, Tanneh was arrested for domestic assault and was detained at the Ramsey County Jail in St. Paul, Minnesota. *Id.*

On April 30, 2026, Immigration and Customs Enforcement ("ICE") was notified of Tanneh's arrest through a biometrics match with her booking record at the Ramsey County Jail. ECF No. 6 ¶ 5. After determining that Tanneh lacked legal immigration status in the United States, ICE issued an administrative warrant for Tanneh's arrest. *Id.* ¶ 8; ECF No. 6-2. That same day, ICE officers "took the warrant to the Ramsey County Jail," served the warrant on Tanneh, and then took her into immigration custody. *Id.* ¶ 9. ICE also

---

[3]     The Court uses the petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

served a Notice to Appear for removal proceedings on Tanneh. *Id.*; ECF No. 6-3. Tanneh remains in ICE custody at the Crow Wing County Jail in Brainerd, Minnesota. *Id.* ¶ 10.

On May 26, 2026, Tanneh requested a bond redetermination hearing before an immigration judge. *Id.* ¶ 11. On May 28, 2026, an immigration judge held a bond redetermination hearing and denied Tanneh release on bond. ECF No. 6-4 at 3. The immigration judge concluded that Tanneh had "not established that she is not a danger to persons or property if released from custody." *Id.* The immigration judge observed that Tanneh "has a significant history of domestic violence against her spouse, including with their children present." *Id.*

On May 27, 2026, Tanneh filed the instant habeas petition. ECF No. 1. Tanneh first challenges the legal authority on which the Government detains her, arguing that the Government's claim of "en masse detention[]" authority violates her due process rights. *Id.* ¶¶ 56–64. Based on Tanneh's description of "en masse detention[]" and the case citations in her petition, the Court interprets this claim to challenge Tanneh's detention under the mandatory detention authority of 8 U.S.C. § 1225(b)(2). Tanneh also brings constitutional, statutory, regulatory, and Administrative Procedure Act claims premised on the argument that she was improperly arrested without a warrant. *Id.* ¶¶ 65–80.

The Court ordered the Government to respond to the petition no later than June 4, 2026, with any reply from Tanneh due by June 11, 2026. ECF No. 3. Both the Government and Tanneh timely provided that briefing. ECF Nos. 5, 7.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)).  The protections of habeas corpus extend to those in immigration detention.  *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

## I.    Detention Authority[4]

In her petition, Tanneh alleges that her detention pursuant to 8 U.S.C. § 1225(b)(2) violates her due process rights.  ECF No. 1 ¶¶ 56–64.  In its briefing, the Government states that Tanneh is not detained pursuant to 8 U.S.C. § 1225(b)(2), but instead is detained pursuant to 8 U.S.C. § 1226, and that her detention is mandatory either because she was previously convicted of a crime of moral turpitude, *see* 8 U.S.C. § 1226(c)(1)(A), or because she was arrested for an offense that resulted in "serious bodily injury to another person," *id.* § 1226(c)(1)(E)(ii).  ECF No. 5 at 6.  Tanneh disputes that she is subject to mandatory detention under 8 U.S.C. § 1226(c).  ECF No. 7 at 6–7.

---

[4]    Before addressing the merits of Tanneh's petition, the Court observes that it has subject-matter jurisdiction over the petition.  *See Hernan Jose M. M. v. Easterwood*, No. 26-cv-481 (LMP/DTS), 2026 WL 559746, at *4 (D. Minn. Feb. 27, 2026).  Although the Government suggests that Tanneh asks this Court to review the immigration judge's bond redetermination decision, ECF No. 5 at 4, the Court does not construe Tanneh's petition or briefing to make such a request.  Administrative exhaustion also does not pose a barrier to adjudicating Tanneh's petition.  *See Souleimane C. v. Blanche*, No. 26-cv-2215 (LMP/JFD), 2026 WL 1180075, at *2 (D. Minn. Apr. 30, 2026).

But even assuming Tanneh is correct that she is not subject to mandatory detention under Section 1226(c), Tanneh would fall into the "default" discretionary detention framework of 8 U.S.C. § 1226(a). *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). If that were true, Tanneh would be entitled to a bond redetermination hearing, *see Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *5 (D. Minn. Dec. 9, 2025), at which the immigration judge would consider whether Tanneh is "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *see also* 8 C.F.R. § 1003.19(d).

The problem for Tanneh is that she already received that bond determination hearing on May 28, 2026. ECF No. 6-4. And the immigration judge concluded on the merits that Tanneh was not entitled to bond. *Id.* at 3. So, even if Tanneh is correct that she is subject to discretionary detention under 8 U.S.C. § 1226(a), it appears that she has already received all the process that is due to her under that provision. There is no further remedy to which Tanneh is entitled, so the Court denies Tanneh's petition insofar as it challenges the authority on which the Government bases her detention.

## II.     Warrantless Arrest

Tanneh's second set of claims centers on her belief that she was improperly arrested. ECF No. 1 ¶¶ 65–80. In a nutshell, Tanneh alleges that the Government did not follow the appropriate statutory and regulatory procedures when it arrested her without a warrant. *See id.*; ECF No. 7 at 2–6.

These claims are non-starters because Tanneh *was* arrested on a warrant. The Government's declarant, an ICE Deportation Officer, explains that ICE issued an administrative warrant for Tanneh's arrest and *subsequently* arrested Tanneh at the Ramsey County Jail. ECF No. 6 ¶¶ 6–9. Tanneh does not dispute this version of events but instead argues that her arrest was nevertheless warrantless because the warrant was not served on her prior to the arrest. ECF No. 7 at 2–4. But this Court has concluded that an administrative arrest warrant need not be served to be valid; rather, it need only be "issued." *Sinan O. v. Noem*, No. 26-cv-386 (LMP/JFD), ECF No. 14 at 4–6 (D. Minn. Feb. 3, 2026) (quoting 8 U.S.C. § 1226(a)). Here, it is undisputed that the administrative warrant for Tanneh's arrest was issued prior to her arrest, meaning that the Government did not effectuate a warrantless arrest.

One final argument requires note. In her reply brief, Tanneh argues that the warrant was not issued or served by an authorized immigration officer. ECF No. 7 at 4–5. As an initial matter, this argument is forfeited because it was not raised in Tanneh's petition (after all, her petition proceeded on the assumption that there was *no* valid warrant). *See Fairview Health Servs. v. Armed Forces Off. of Royal Embassy of Saudi Arabia*, 705 F. Supp. 3d 898, 910 n.3 (D. Minn. 2023) ("A complaint . . . cannot be amended through briefing.").

The argument fares no better on the merits: all Tanneh says is that there is "no information available to verify whether" the ICE officers who issued and served the warrant were authorized to do so under 8 C.F.R. § 287.5(e)(2)–(3). ECF No. 7 at 5. But that's not quite true. The warrant was issued by Officer Munoz, who is listed as an "SDDO," ECF No. 6-2 at 1, which the Court knows to be a "Supervisory Detention and

Deportation Officer," *see Berchie v. Bondi*, No. 25-cv-3197 (KMM/SGE), 2025 WL 2753393, at *1 n.2 (D. Minn. Sept. 29, 2025). A Supervisory Detention and Deportation Officer is authorized to issue warrants of arrest. *See* 8 C.F.R. § 287.5(e)(2)(xxxi) (providing that "[s]upervisory deportation officers" are authorized to issue warrants). Likewise, the warrant was served by Officer Jolin, listed as a deportation officer. ECF No. 6-2 at 1. Deportation officers are authorized to serve warrants of arrest. 8 C.F.R. § 287.5(e)(3)(iv).

To the extent that Tanneh requests limited discovery to learn more about Officer Munoz's and Officer Jolin's qualifications, ECF No. 7 at 8, that request will be denied. It is Tanneh's burden to demonstrate entitlement to habeas relief. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). Tanneh's speculation that the officers are not qualified to issue and serve warrants—without any evidence demonstrating that this is the case—neither meets that burden nor justifies limited discovery. *See Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 701 F. App'x 544, 545 (8th Cir. 2017) (holding that limited discovery is not warranted when a party does not "offer anything more than speculation about what it expected to discover").

Because Tanneh has not met her burden to demonstrate that her arrest was, or her detention is, unlawful, her petition must be denied.

## CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1.  Tanneh W. S.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

2.  This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: June 23, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge